Treat, Justice, delivered the opinion of the court: It appears from the record in this cause, that on the 16th of November, 1837, there was filed in the clerk’s office of the Adams circuit court, a transcript from the records of the circuit court of Jo Da-viess county. The transcript shows the pendency of a suit in the latter court, in which Wight was plaintiff, and Kirkpatrick defendant; an order of that court overruling a demurrer to the declaration; a trial and verdict for the plaintiff; the granting of a new trial; the filing of a bill of discovery by the defendant; and an order of the court awarding a change of venue to Adams county. It is then certified by the clerk to contain a true transcript of the lecord in the cause. With this transcript there was filed, what purports to be the original papers in the suit, but there is no certificate of the clerk showing them to be such. The cause was continued till the April term, 1889, of the Adams circuit court, when that court, on the motion of the defendant, made an order dismissing it from the docket. That decision is now assigned for error, by Wight, who prosecutes this writ of error. The third and fourth sections of “an act to provide for changing the venue in civil and criminal cases,” approved January 23d, 1827, (Gale’s Stat. 188,) require that the clerk, whenever a change of venue is awarded, shall make out “ a full transcript of the record and proceedings in such cause, and shall certify and transmit the same to the proper court, together with all papers filed in the cause, and appertaining or forming part of the record,” and the court to which the cause is so certified, is required to proceed and determine the cause, as if it had originated before said court. These provisions clearly define the duty of the clerk, when a change of venue is ordered. He has to certify and transmit a transcript of the proceedings previously had in the cause, as appears from the record. He has also to certify and transmit therewith all of the papers filed in, and belonging to the cause. He is not required to copy the papers, but to transmit the originals, at the same time certifying them in such a manner as to render [*341] their genuineness certain. A convenient mode of doing this, and one fully answering the objects of the statute, would be to place some mark of designation on each of the papers, as is the practice in referring to and filing exhibits in chancery, and then certify in the transcript, that the accompanying papers, bearing such 'designation, are the original papers filed in, and appertaining to the cause. The court to which the venue is changed, in order to proceed and determine the cause, must have before it the pleadings of the parties, and all other papers filed during the progress of the cause in the court from which it is removed, as well, as the action of the court, prior to the change of venue. In this case, nothing but the transcript of the previous proceedings in the cause was before the court. The papers presented with the transcript were not certified as the statute required. It was probably for this reason that the court directed the suit to'be dismissed from the docket. It would have been its duty, at the instance of either party, to have granted a rule on the clerk of the Jo Daviess circuit court, to certify an’d transmit the papers, and continued the case until the order was complied with. For this purpose it might have given him leave to withdraw the papers filed with the transcript. It does not appear that the plaintiff asked for such a rule, or took any other steps indicating a disposition to' proceed with the trial of the cause. Under such circumstances, and the cause, being so imperfectly before the court, it decided correctly in refusing to take cognisance of the cause, and in dismissing it from the docket. The judgment is therefore affirmed with costs. Judgment affirmed.